UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAKOTA LABS INC.,

        Plaintiff,

v.

HURON CAPITAL PARTNERS LLC
and MICHAEL GRUNZA III,

        Defendants.
_____/

Case No. 2:24-cv-10922

Honorable Susan K. DeClercq
United States District Judge

# ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION

On April 9, 2024, Plaintiff Dakota Labs sued Defendants Huron Capital Partners LLC and Michael Grunza III for breach of contract and fraud, alleging diversity jurisdiction under 28 U.S.C. § 1332(a)(2).[1] ECF No. 1 at PageID.3. Plaintiff says the parties are completely diverse because it is a Canadian citizen, Grunza is a Texas citizen, and Huron Capital is a Michigan citizen. *Id.*

But the complaint does not properly address Huron Capital's LLC status. Namely, Plaintiff must allege the citizenship of each of Huron Capital's members

---

[1] Plaintiff cites the Cigarette Labeling and Advertising Act, 15 U.S.C. § 1332(a)(2), rather than the diversity statute, 28 U.S.C. § 1332(a)(2). *See* ECF No. 1 at PageID.3. But the case does not involve cigarette labeling, and the citation is under the jurisdiction allegations. So this Court assumes that this is a scrivener's error and that Plaintiff intended to cite the diversity statute.

and submembers but has failed to do so. So, as explained below, Plaintiff will be directed to show cause why the case should not be dismissed for lack of subject-matter jurisdiction.

Different pleading rules apply to LLCs that are defendants in cases based on diversity jurisdiction. *Delay v. Rosenthal Collins Grp.*, 585 F.3d 1003, 1005 (6th Cir. 2009). Unlike corporations—citizens of their principal place of business and any states of incorporation—LLCs are citizens of the state of each member and submember. *Id.* Thus, "[a]lleging that an LLC is organized under the laws of a certain state does nothing to establish its citizenship." *Akno 1010 Mkt. St. St. Louis Mo. LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022).

The plaintiff bears the burden of establishing the parties' citizenships. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). "And because district courts have 'an independent obligation to determine whether subject-matter jurisdiction exists,' they must hold litigants to this requirement." *Akno*, 43 F.4th at 627 (internal citation omitted). Doing so at the earliest possible moment helps to avoid wasting judicial and party resources. *See id.*

Therefore, Plaintiff will be directed to show cause why this case should not be dismissed for lack of subject-matter jurisdiction. Plaintiff must at least address the citizenship of all Huron Capital LLC's members and submembers.

- 3 -

Accordingly, it is **ORDERED** that Plaintiff Dakota Labs Inc. is **DIRECTED** to show cause in writing **on or before April 18, 2024**, why the above-captioned case should not be dismissed for lack of subject-matter jurisdiction. Plaintiff must at least address the citizenship of all Huron Capital LLC's members and submembers.

Dated: 4/12/2024                                          *s/Susan K. DeClercq*
                                                          SUSAN K. DeCLERCQ
                                                          United States District Judge