# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| Dakota Labs Inc.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Huron Capital Partners LLC and Michael Grunza III,<br><br>　　　　　Defendants. | Case No.: 2:24-cv-10922<br><br>Hon. Susan K. DeClercq |

**PLAINTIFF DAKOTA LABS INC.'S RESPONSE TO
THE COURT'S ORDER DIRECTING IT TO SHOW CAUSE**

As ordered by the Court on June 5, 2024 (ECF No. 12), Plaintiff Dakota Labs Inc. ("Dakota Labs") states the following to show cause why this case should not be dismissed for failure to prosecute.

Dakota Labs has not failed to prosecute this case, and it is not aware of any deadlines that it has missed. Dakota Labs filed its Complaint on April 4, 2024, and summonses were issued the same day. (ECF Nos. 1, 3, 4.) Both Defendants were properly served within the 90-day deadline set by Fed. R. Civ. P. ("Rule") 4(m), and the returns of service were filed with this Court on May 2 and May 10, 2024. (ECF Nos. 10, 11.) The next step in this action (namely, responding to the Complaint) therefore lay with Defendants, not with Dakota Labs.

1

Defendants requested until June 5, 2024 to respond to the Complaint, which they explained was to ensure that both Defendants had the same response deadline and enough time to formulate their response. Dakota Labs consented to Defendants' request. And Defendants did file a motion to dismiss on June 5, 2024. (ECF No. 16.)

The Court's order to show cause does not indicate any action that Dakota Labs should have taken but did not, but any inaction on Dakota Labs' part was due to its waiting for Defendants' response to the Complaint, not any "contumacious conduct," "willfulness, bad faith, or fault." *See Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (requirements for dismissal for failure to prosecute). And while Defendants did not file a motion for an extension of their deadline to respond, it would have been incompatible with the parties' agreement for Dakota Labs to seek a default based on Rule 12(a)'s deadlines. In that regard, the Sixth Circuit has held that "failing to seek a default or default judgment prior to the date when the parties had agreed that the answer was due" does not display the requisite bad faith, willfulness, or fault required for a dismissal for failure to prosecute. *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005). Nor does failure to seek a default prejudice the opposing party such as to justify dismissal. *Id.* at 643–44.

We trust that with the filing of a responsive pleading by Defendants this issue is resolved. Dismissal of this action for failure to prosecute is not warranted.

Dated: June 6, 2024                              Respectfully submitted,

WINSTON & STRAWN LLP

*/s/ Ronald Y. Rothstein*
Ronald Y. Rothstein
RRothstein@winston.com
35 West Wacker Drive
Chicago, Illinois 60601
*+1 312-558-7464 Telephone*

*Attorneys for Dakota Labs Inc.*