| | |
|---|---|
| **From:** | Rothstein, Ron |
| **To:** | Gorga, Nick; Duggan, Shannon C. |
| **Cc:** | Corbett, Ross; Farmer, Jalen R. |
| **Subject:** | Re: Dakota Labs v. Huron Capital Partners et al. |
| **Date:** | Wednesday, June 5, 2024 10:07:16 AM |
| **Attachments:** | image001.png |

Nick, unfortunately it was you and your firm that was not aware of the local rule. I am well aware of it and have these conversations all the time in advance of motion practice. The local rule specifically contemplates that the conference must be held sufficiently in advanced of filing to allow a good faith interactive exchange aimed at resolving the matter. Notifying us one day prior to the deadline with an incomprehensible request that provided no detail whatsoever does not comply with the local rule. Your email below sent on the day of filing is equally insufficient and untimely. We will note in our response that you did not comply with the local rule. Ron

**From:** Gorga, Nick <NGorga@honigman.com>
**Sent:** Wednesday, June 5, 2024 9:31:46 AM
**To:** Rothstein, Ron <RRothste@winston.com>; Duggan, Shannon C. <SDuggan@honigman.com>
**Cc:** Corbett, Ross <RCorbett@winston.com>; Farmer, Jalen R. <JFarmer@honigman.com>
**Subject:** RE: Dakota Labs v. Huron Capital Partners et al.

Ron:

I understand from the emails below that you were not aware of this local rule before Shannon's email.  Under LR 7.1(a), we are required to reach out to see if plaintiff intends to oppose our motion to dismiss under Rule 12(b)(6) and Rule 9(b).  We reached out as soon as our final draft was complete and provided you the relief we are seeking (dismissal of all claims) and the bases for our motion (failure to state a claim, and failure to plead fraud with particularity).  You said that "of course, we will not consent to the entry of dismissal of the action under either rule."  So at this point the local rule has been satisfied and we will be filing this afternoon.  We, of course, remain available today (as we were yesterday) to discuss further by phone or email should you wish to do so.

When you see our motion, you may change your mind and agree that dismissal is proper.  I don't believe you would need our stipulation to dismiss any or all of your claims under Rule 41(a), but we would be happy to discuss stipulating to that relief if you believe it is necessary.  Although not required, we are happy to give you more information on our motion.  We are moving to dismiss because (a) plaintiff has not pled fraud with particularity, (b) plaintiff has not properly alleged Huron Capital Partners LLC is the alter ego of M7D, and (c) plaintiffs' claims belong to the trustee in the pending M7D bankruptcy case.  Certainly, prior to filing the complaint, you knew that there was an active bankruptcy case; it is referenced multiple times in the complaint.  And certainly, if plaintiff had better allegations regarding alter ego or fraud, it would have pled them.  All of that said, if this email changes your mind and you'd like to agree to dismissal of some of all of plaintiff's claims, please let us know and we are happy to discuss.

Best,

Nick

Nick Gorga

_____

**HONIGMAN LLP**
O   313.465.7640
ngorga@honigman.com

This e-mail may contain confidential or privileged information.  If you are not the intended recipient, please delete it and notify the sender of the error.

**From:** Rothstein, Ron <RRothste@winston.com>
**Sent:** Tuesday, June 4, 2024 5:09 PM
**To:** Duggan, Shannon C. <SDuggan@honigman.com>
**Cc:** Gorga, Nick <NGorga@honigman.com>; Corbett, Ross <RCorbett@winston.com>
**Subject:** Re: Dakota Labs v. Huron Capital Partners et al.

**[EXTERNAL EMAIL]**

Shannon, I appended to the email I just sent the language of the relevant rule. You have not even attempted to comply in good faith with the literal language of the rule and you've run out the clock with your deadline being tomorrow. Unfortunately, this is a problem of your own making, and we do not consent.  Ron

**From:** Rothstein, Ron <RRothste@winston.com>
**Sent:** Tuesday, June 4, 2024 4:07:20 PM
**To:** Duggan, Shannon C. <SDuggan@honigman.com>
**Cc:** Gorga, Nick <NGorga@honigman.com>; Corbett, Ross <RCorbett@winston.com>
**Subject:** Re: Dakota Labs v. Huron Capital Partners et al.

## LR 7.1: Motion Practice

**(a)   Seeking Concurrence in Motions and Requests.**

(1)   Before filing a motion relating to discovery, the movant must comply with Federal Rule of Civil Procedure 37(a)(1). Otherwise, the movant must ascertain before filing whether the contemplated motion or request under Federal Rule of Civil Procedure 6(b)(1)(A) will be opposed. To accomplish this, the movant must confer with the other parties and other persons entitled to be heard on the motion in good faith and in a manner that reasonably explains the basis for the motion and allows for an interactive process aimed at reaching agreement on the matter or those aspects of the matter that can be resolved without court intervention, given the nature of the

contemplated motion. The conference must be held sufficiently in advance of filing the motion to allow a good faith interactive exchange aimed at resolving the matter. If the movant obtains concurrence, the parties or other persons involved may make the subject matter of the contemplated motion or request a matter of record by stipulated order.

---

**From:** Duggan, Shannon C. <SDuggan@honigman.com>
**Sent:** Tuesday, June 4, 2024 3:35:34 PM
**To:** Rothstein, Ron <RRothste@winston.com>
**Cc:** Gorga, Nick <NGorga@honigman.com>; Corbett, Ross <RCorbett@winston.com>
**Subject:** RE: Dakota Labs v. Huron Capital Partners et al.

Hi Ron,

Happy to clarify—we are not asking for your consent to file, and you are not required to agree to the relief we're seeking. We are asking under Eastern District of Michigan local rule 7.1(a) whether you plan to oppose our forthcoming motion to dismiss, or in the alternative, whether you concur in the relief requested. Our motion will be brought under Rules 12(b)(6) for failure to state a claim and 9(b) for failure to allege fraud with particularity.

We suspect you will oppose the motion, but please let us know if that is not the case.

Thanks,

Shannon


Shannon C. Duggan
_____

**HONIGMAN LLP**
O   313.465.7664
M   248.730.7862
sduggan@honigman.com


This e-mail may contain confidential or privileged information. If you are not the intended recipient, please delete it and notify the sender of the error.

---

**From:** Rothstein, Ron <RRothste@winston.com>
**Sent:** Tuesday, June 4, 2024 4:09 PM
**To:** Duggan, Shannon C. <SDuggan@honigman.com>
**Cc:** Gorga, Nick <NGorga@honigman.com>; Corbett, Ross <RCorbett@winston.com>
**Subject:** Re: Dakota Labs v. Huron Capital Partners et al.

**[EXTERNAL EMAIL]**

Shannon, I do not understand what you were asking. If there's some requirement that we confer and agree on the relief you're seeking, we do not, and we do not believe this email is a good faith attempt to obtain our consent to anything.  Can you please clarify what you're asking?  Ron

**From:** Duggan, Shannon C. <SDuggan@honigman.com>
**Sent:** Tuesday, June 4, 2024 1:43:18 PM
**To:** Rothstein, Ron <RRothste@winston.com>
**Cc:** Gorga, Nick <NGorga@honigman.com>
**Subject:** Dakota Labs v. Huron Capital Partners et al.

Ron,

I hope all is well.  Tomorrow, Huron Capital Partners and Mr. Grunza intend to file a motion to dismiss all claims in Dakota Labs' complaint under Federal Rules of Civil Procedure 12(b)(6) and 9(b).   Please let us know whether you concur in the relief sought.

Thanks,

Shannon

Shannon C. Duggan
_____

**HONIGMAN LLP**
O   313.465.7664
M   248.730.7862
sduggan@honigman.com

This e-mail may contain confidential or privileged information.  If you are not the intended recipient, please delete it and notify the sender of the error.

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.