UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAKOTA LABS INC.,

    Plaintiff,

vs.

HURON CAPITAL PARTNERS LLC
and MICHAEL GRUNZA III,

    Defendants.
_____/

Case No. 2:24-cv-10922
Hon. Susan K. DeClercq

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF DAKOTA LABS INC.'S COMPLAINT
UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 9(b)**

## I. Plaintiff's Alter Ego Claims Belong to M7D's Bankruptcy Trustee.

Plaintiff does not dispute that under Delaware law, its alter ego claims belong to M7D's bankruptcy Trustee. It argues only that Michigan law would not permit a subsidiary to bring an alter ego claim against its corporate parent. But Delaware determines whether claims that require piercing the veil of a Delaware corporation, who filed for bankruptcy in Delaware, belong to a Delaware Trustee to raise for the potential benefit of creditors in that Delaware proceeding. Indeed, courts routinely apply the law of the state of the debtor's incorporation to determine whether alter ego claims belong to a trustee in bankruptcy. *See, e.g.*, *Murray v. Miner*, 876 F. Supp. 512, 516 (S.D.N.Y. 1995), *aff'd*, 74 F.3d 402 (2d Cir. 1996); *Regions Bank v. JP Realty Partners, Ltd.*, 912 F. Supp. 2d 604, 615 (M.D. Tenn. 2012); *In re Advanced Packaging & Prod. Co.*, 426 B.R. 806, 818 (C.D. Cal. 2010); *Holcomb v. Pilot Freight Carriers, Inc.*, 120 B.R. 35, 42 (M.D.N.C. 1990).

Plaintiff conflates the threshold question before this Court—whether its alter ego claims belong to Plaintiff or not—with the question of whether Huron LLC is an alter ego of M7D. Defendants do not dispute that Michigan law governs the second question. But Plaintiff cites no case law for the proposition that Michigan law governs the threshold question.[1] In fact, the Michigan and Sixth Circuit cases

---

[1] The choice-of-law cases Plaintiff cites do not address whether alter ego claims belong to a trustee in bankruptcy. Plaintiff's state interest "analysis" also sidesteps that question and Delaware's significant interest in the Trustee's ability to raise

Plaintiff cites are consistent with Defendants' argument that Delaware law governs a Delaware Trustee's ability to bring claims in a Delaware bankruptcy proceeding. *See RDM Holdings, LTD v. Cont'l Plastics Co.*, 281 Mich. App. 678, 762 N.W.2d 529 (2008) (Michigan law determined whether Michigan LLC's trustee could assert veil-piercing claim in E.D. Mich. bankruptcy); *In re RCS Engineered Prod. Co., Inc.*, 102 F.3d 223 (6th Cir. 1996). Plaintiff, not Defendants, proposes deviating from the norm that the state of the debtor's incorporation governs. If the Court agrees, the alter ego claims must be dismissed in deference to the bankruptcy proceeding.

## II.   Plaintiff Does Not Sufficiently Allege Alter Ego Liability.

If the Court decides Plaintiff's alter ego claims do not belong to M7D's Trustee, it still should dismiss those claims because Plaintiff does not plausibly allege that M7D was Huron LLC's alter ego. It does not even conclusorily allege five of the six "mere instrumentality" factors to overcome the strong presumption against veil-piercing. Nor does it allege facts in support of the final factor, that Huron LLC used M7D to support fraud or illegality. Still, Plaintiff insists it is enough to allege that Mr. Grunza was a Huron partner who sat on a "Huron [ ]-controlled board" that consented to the Agreement and that M7D was undercapitalized. (Resp.

---

claims for a Delaware company's creditors. Even if Plaintiff is "seeking Huron['s] assets," those assets would be distributed by the Delaware Trustee if Plaintiff's far-fetched alter ego theory were true, as any recovery solely by Plaintiff would be inequitable to all similarly situated unsecured creditors of M7D.

3

17–19.) Plaintiff also disingenuously says Defendants concede that Plaintiff adequately alleges Huron LLC used M7D to commit a fraud or wrong. (*Id.* 15.) Not so. Defendants explain at length why Plaintiff's allegations that M7D was used to "support fraud or illegality" are conclusory, false, and inadequate. (Br. 16–18.[2])

As expected, Plaintiff cites no authority for the proposition that M7D was a mere instrumentality just because M7D's board included Huron LLC partners or principals. Even if Plaintiff alleged total ownership and shared management (it did not), this would still be insufficient to establish "alter ego" control. *Ford Motor Co. v. Kawasaki Kisen Kaisha Ltd.*, 2023 WL 5049251, at *15 (E.D. Mich. Aug. 8, 2023).

With respect to alleged undercapitalization, the Complaint simply lacks facts to support an inference that M7D was undercapitalized at formation or when the Agreement was executed, before filing for bankruptcy. *See Dallas Nat'l Ins. Co. v. Owner's Sol., Inc.*, 2014 WL 12744644, at *5 (S.D. W. Va. Mar. 10, 2014) (assertion of undercapitalization "without further factual enhancement" is insufficient). Plaintiff gestures to its allegation that "no reasonable person could have believed [M7D] was sufficiently capitalized,"[3] but this statement is just as conclusory.

---

[2] Defendants' reference to "Section E" on p. 18 is a typographical error. Defendants intended to reference Section C at pp. 18–19.

[3] If anything, Plaintiff's allegation underscores the flimsiness of its fraud claims. If "no reasonable person could have believed that [M7D] could pay for . . . services," Plaintiff's alleged reliance on Defendants' "representations" was per se unreasonable. Without reasonable reliance, fraud claims fail. *Nieves v. Bell Indus.,*

Defendants are not asking the Court to "weigh evidence" as Plaintiff suggests. Defendants only urge the Court to reject conclusory allegations and allegations that are contradicted by exhibits that the Court may consider at this time.[4] There is of course no "hornbook rule" that authorizes a plaintiff to rest on false allegations to survive dismissal, *see* (*id.* at 17); Plaintiff cites none. Courts in this District do not hesitate to dismiss alter ego claims on the pleadings when those claims lack well-pleaded factual support. *See Llewellyn-Jones*, 22 F. Supp. 3d at 797; *ComSpec Int'l, Inc. v. Uniface B.V.*, 2021 WL 4169726, at *4–5 (E.D. Mich. Sept. 14, 2021).

### III. Plaintiff's Fraud Claims Do Not Satisfy Rule 9(b).

Plaintiff's attempt to keep its fraud claims afloat is also unavailing. Plaintiff defends its reliance on alleged "representations" that describe deliveries of diamonds on the grounds that "subsequent actions can[ ] shed light on intent at the time the contract is made." (Resp. 23.) This unsupported proposition is circular at best, and at worst, would open the floodgates to fraud claims by any contract plaintiff who alleges it was not paid. That is not, and cannot be, the law. *See generally DBI Invs., LLC v. Blavin*, 617 F. App'x at 382.

As for the "representation" that M7D entered the contract with no intent to

---

*Inc.*, 204 Mich. App. 459, 464, 517 N.W.2d 235, 238 (1994).

[4] Plaintiff's new, baseless theory that Tree Line's foreclosure should be attributed to Huron LLC because the entities were "intimate[ly] coordinat[ed]," (Resp. 20–21), is not even supported by conclusory allegations in the Complaint.

5

perform, Plaintiff says "promises of future action made in bad faith" are actionable. (Resp. 23.) Even so, a plaintiff must support its allegations with *facts*. *Orleans Int'l, Inc. v. Mistica Foods, L.L.C.*, 2016 WL 2851349, at *5 (E.D. Mich. May 16, 2016). Plaintiff—again, circularly—offers in support "that [M7D] could not possibly have performed". (Resp. 23.) But this speculation, even if made on alleged "information and belief," cannot sustain a fraud claim without factual support. *See Bledsoe*, 501 F.3d at 512 (". . . [P]laintiff must still set forth the factual basis for his belief.").

Finally, the alleged August 18, 2022 statement by Wood related to "monthly production of 6,000 carats by the first quarter of 2023 and 11,000 carats by the end of the fourth quarter", (Compl. ¶ 37), is consistent with the Agreement, which contemplates manufacturing up to 11,000 carats per month in Vietnam. (Agreement at Schedule B). It could not possibly have induced Plaintiff to "expand[ ] its Vietnam Facility beyond what was required". (Compl. ¶¶ 86, 98.) Regardless, the statement is not an actionable "representation" related to an existing or past fact, and Plaintiff does not allege how either Defendant directed M7D to make the statement.

### IV. L.R. 7.1(a) Compliance.

Plaintiff asks the Court to deny Defendants' Motion under L.R. 7.1(a), citing *Franklin Capital* and *All About Chores*. In *Franklin Capital*, the court denied motions without prejudice just a day after the filings because there had been no "actual contact" between counsel. *Franklin Cap. Grp. LLC*, 2022 WL 3703190, at

*1. Similarly in *All About Chores*, the court struck a motion filed just 13 minutes after the movant requested concurrence, on a Sunday night, when the parties had no opportunity to communicate. *All About Chores LLC*, 2019 WL 2590750, at *1–2.

Here, counsel exchanged multiple emails about Defendants' Motion, including spelling out Defendants' specific arguments. Plaintiff twice stated that it "do[es] not consent" and "do[es] not" "agree on the relief" Defendants seek. (ECF No. 20-5, PageID.235, 237.) Defendants still continued to offer to discuss the Motion, (*id.* at PageID.234), but Plaintiff declined.[5] In light of this exchange, Defendants respectfully ask the Court to resolve the Motion on the merits. *See Livonia Pub. Sch. v. Selective Ins. Co. of the Se.*, 443 F. Supp. 3d 815, 861 (E.D. Mich. 2018); *Berryman v. Hofbauer*, 161 F.R.D. 341, 343–44 (E.D. Mich. 1995).

Dated: July 17, 2024                           Respectfully submitted,

                                               By:  /s/ *Nick Gorga*
                                                    Nick Gorga (P72297)
                                                    Shannon C. Duggan (P83211)
                                                    Jalen R. Farmer (P86859)
                                               HONIGMAN LLP
                                               660 Woodward Avenue
                                               2290 First National Building
                                               Detroit, MI 48226
                                               (313) 465-7640
                                               ngorga@honigman.com

                                               *Attorneys for Defendants*

---

[5] If upon seeing the Motion in full, Plaintiff no longer refused to consent to the requested relief, it could have conceded some or all arguments. It did not do so.

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2024, I electronically filed the foregoing papers with the Clerk of the Court using the court's electronic filing system, which will send notification of such filing to all counsel of record.

/s/ *Nick Gorga*
Nick Gorga (P72297)

Dated:  July 17, 2024