UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAKOTA LABS INC.,

               Plaintiff,                 Case No. 2:24-cv-10922

v.                                   Honorable Susan K. DeClercq
                                   United States District Judge

HURON CAPITAL PARTNERS LLC
and MICHAEL GRUNZA III,

               Defendants.

_____/

## ORDER DIRECTING SUPPLEMENTAL BRIEFING

In September 2022, two diamond companies, Plaintiff Dakota Labs and nonparty WD Labs, entered into a contract to collaborate in the manufacturing, processing, and finishing of lab-grown diamonds. ECF No. 1. In 2023, this business relationship deteriorated, and Dakota Labs claims that WD Labs breached their contract. *Id.* Now, WD Labs is in Chapter 7 bankruptcy proceedings in Delaware. *See In re M7D Corporation*, No. 23-11699 (Bankr. D. Del). Instead of bringing an action against WD Labs directly, Dakota Labs is suing Defendant Huron Capital Partners, LLC ("Huron Capital"), an investor in WD Labs, and Defendant Michael Grunza, who served as (1) a partner at Huron Capital, (2) a member of WD Labs' board of directors, and (3) WD Labs' Chief Executive Officer. The suit alleges breach of contract against Huron Capital and fraud in the inducement against both.

ECF No. 1 at PageID.18–23. Specifically, Dakota Labs alleges that Huron Capital is liable for WD Labs' breach and fraud because Huron Capital used WD Labs as an alter ego. *Id.* On June 5, 2024, Defendants filed a Motion to Dismiss under Civil Rules 12(b)(6) and 9(b). ECF No. 16. The motion has now been fully briefed. *See* ECF Nos. 20; 23.

Upon review of the motion, there are several unresolved choice-of-law questions that may be dispositive, so additional briefing on these conflicts is necessary. Because this is a diversity case, state law applies and this Court must use the choice-of-law rules of Michigan, the forum state. *Olenik v. Ohio Cas. Ins. Co.*, 114 F.4th 821, 825 (6th Cir. 2024). Generally, the task of resolving a conflict of laws proceeds in three steps: (1) determine the forum state's choice of law principles; (2) decide whether the competing rules present a true or false conflict;[1] and (3) if a true conflict exists, apply the relevant principles to resolve the conflict. *See In re FCA US LLC Monostable Elec. Gearshift Litig.*, 598 F. Supp. 3d 639, 648 (E.D. Mich. 2022).

---

[1] "A false conflict exists where the laws of the interested jurisdictions are: (1) the same; (2) different but would produce the same outcome under the facts of the case; or, (3) when the policies of one jurisdiction would be furthered by the application of its laws while the policies of the other jurisdiction would not be advanced by the application of its laws." *In re FCA US LLC*, 598 F. Supp. 3d at 649 (quoting *Salinero v. Johnson & Johnson*, 408 F. Supp. 3d 1354, 1357 (S.D. Fla. 2019)).

## I. Michigan's Choice-of-Law Principles

Here, both tort and contract claims are at issue. *See* ECF No. 1. For contracts, Michigan has adopted the Second Restatement approach, which provides that the law of the state chosen by the parties will apply unless certain exceptions apply. *Chrysler Corp. v. Skyline Indus. Servs., Inc.*, 528 N.W.2d 698, 703 (Mich. 1995); RESTATEMENT (SECOND) OF CONFLICT OF LAWS §187 (AM. L. INST. 1971). As for torts, Michigan's choice-of-law principles dictate that courts apply Michigan law unless a "rational reason" to do otherwise exists. *Sutherland v. Kennington Truck Serv., Ltd.*, 562 N.W.2d 466, 471 (Mich. 1997). "In determining whether a rational reason to displace Michigan law exists, we undertake a two-step analysis. First, we must determine if any foreign state has an interest in having its law applied. If no state has such an interest, the presumption that Michigan law will apply cannot be overcome. If a foreign state does have an interest in having its law applied, we must then determine if Michigan's interests mandate that Michigan law be applied, despite the foreign interests." *Id.*

## II. Competing Laws

Dakota Labs is a Canadian company, incorporated under the laws of British Columbia. ECF No. 1 at PageID.3. WD Labs, the only other named party to the contract, is a Delaware corporation. *See* ECF Nos. 1 at PageID.6; 16 at PageID.78. Huron Capital is a Michigan-based LLC. ECF No. 1. Michael Grunza is a Texas

resident. *Id.* Therefore, the laws which could potentially apply would be those of British Columbia, Delaware, Michigan, and Texas. *See* ECF Nos. 1; 16. Further, the contract between Dakota Labs and WD Labs includes a choice-of-law clause indicating that the laws of British Columbia and Canada govern it. ECF No. 1-1 at PageID.35.

It is clear from the Parties' briefing that at least one true conflict exists between potentially applicable laws as to this question: under the relevant state law, do alter ego claims belong to the bankruptcy trustee? According to Dakota Labs, Michigan law should apply, and under Michigan law, such claims do not belong to the bankruptcy trustee. ECF No. 20 at PageID.209–13. According to Huron Capital and Grunza, Delaware law should apply, and under Delaware law, such claims do belong to the bankruptcy trustee, requiring dismissal of the complaint. ECF No. 23 at PageID.246–47.

However, the rest of the briefing does not articulate which state's law—and thus, which elements—this Court should apply to evaluate the sufficiency of the allegations under Civil Rules 12(b)(6) and 9(b). Further, the briefs are silent as to the choice-of-law clause in the underlying contract. *See* ECF Nos. 16; 20; 23. It is therefore unclear whose law should dictate the elements of: (1) alter ego liability; (2) breach of contract; and (3) fraud in the inducement. It is certainly possible that among the four potential states' laws (Michigan, Delaware, British Columbia, and

Texas), a false conflict exists, rendering a choice-of-law analysis unnecessary. However, the briefs provide no information to support such a conclusion. *See* ECF Nos. 16; 20; 23. Therefore, the Parties will be directed to provide supplemental briefing as to the second and third steps of the conflict-of-laws analysis. *In re FCA US LLC*, 598 F. Supp. 3d at 648.

Finally, the contract between Dakota Labs and WD Labs includes a forum-selection clause, which states that "the Partis hereby irrevocably submit to the exclusive jurisdiction of the Courts of the Province of British Columbia." ECF No. 1-1 at PageID.36. If, as Dakota Labs contends, Defendants are bound by the contract, then the claims here—breach of contract and fraud in the inducement—would seem to fall within the contract's forum-selection clause. But the briefing is silent as to whether this provision is binding, such that Michigan would be an improper forum for this litigation. *See* ECF Nos. 15; 20; 23. The parties will be directed to address this provision as well.

Because choice-of-law questions remain which must be answered to resolve Defendants' motion to dismiss, ECF No. 16, it is **ORDERED** that the Parties are **DIRECTED** to each submit a supplemental brief of no more than 25 pages that addresses the following questions on or before **January 30, 2025**:

1. Does the contract's forum-selection clause apply to the claims in this matter? In other words, should this Court dismiss for *forum non conveniens*?

2. If the contract's forum-selection clause does not require dismissal of Plaintiff's claims, then does its choice-of-law clause selecting the laws of Canada and British Columbia apply to the contract claims in this matter?

3. If the contract's choice-of-law clause does *not* control, then for each issue below—applying Michigan's choice-of-law rules—indicate (1) whether a true conflict exists, and if so, (2) which state's law this Court should apply to determine:

    a. whether alter ego claims belong to the bankruptcy trustee;

    b. the elements of alter ego liability;

    c. the elements of breach of contract; and

    d. the elements of fraud in the inducement.

*s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: January 10, 2025