UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAKOTA LABS INC.,

          Plaintiff,

vs.

HURON CAPITAL PARTNERS LLC
and MICHAEL GRUNZA III,

          Defendants.

_____/

Case No. 2:24-cv-10922
Hon. Susan K. DeClercq

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants Huron Capital Partners LLC ("Huron LLC") and Michael Grunza III ("Mr. Grunza, and together with Huron LLC, the "Defendants"), by and through their undersigned counsel, hereby submit their Answer and Affirmative Defenses to Plaintiff Dakota Labs Inc.'s ("Plaintiff") Complaint. Defendants deny each and every allegation in the Complaint except as expressly admitted herein.

## ANSWER

### NATURE OF THIS ACTION

1.    Defendants admit that this purports to be an action for breach of contract and fraud in the inducement against Huron LLC, under the theory that Huron LLC used M7D Corporation d/b/a WD Lab Grown Diamonds ("M7D") as an alter ego, and for fraud in the inducement against Mr. Grunza. Defendants deny they

1

have any liability to Plaintiff, including under any of these theories.  Defendants deny the remaining allegations in Paragraph 1 of the Complaint.

2.     Defendants deny the allegations in Paragraph 2 of the Complaint.

3.     Defendants admit that Exhibit A to the Complaint appears to be a Collaboration Agreement between M7D and Plaintiff.  The document speaks for itself.  Defendants deny allegations regarding the terms of the Collaboration Agreement in Paragraph 3 of the Complaint to the extent they are inconsistent with the document.  Defendants deny the remaining allegations in Paragraph 3 of the Complaint.

4.     Defendants deny the allegations in Paragraph 4 of the Complaint.

5.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 5 of the Complaint and on that basis deny them.  Defendants deny the remaining allegations in Paragraph 5 of the Complaint.

## PARTIES

6.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and on that basis deny them.

7.     Defendants admit the allegations in the first sentence of Paragraph 7 of the Complaint.  Defendants deny the remaining allegations in Paragraph 7 of the

Complaint.

8.      Defendants admit that Mr. Grunza was a former board member and CEO of M7D and that Mr. Grunza is domiciled in Texas.  Defendants deny the remaining allegations in Paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9.      Defendants admit that the relief Plaintiff requested in the Complaint is alleged by Plaintiff to exceed the sum or value of $75,000 and that there appears to be complete diversity among the named parties to the action.  Defendants deny that Plaintiff is entitled to any relief.

10.     Paragraph 10 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants admit that Huron LLC's principal place of business is in Michigan and that it is organized under the laws of Michigan.  As to the remaining allegations in Paragraph 10, Defendants deny them.

11.     Paragraph 11 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny that Mr. Grunza acted to cause Huron LLC to commit an intentional tort.

12.     Paragraph 12 contains legal conclusions to which no response is required.

## FACTUAL BACKGROUND

### I.   WD Labs was a mere instrumentality of Huron Capital.

13.   Defendants admit the allegations in the first sentence of Paragraph 13 of the Complaint and admit that Mr. Grunza served as M7D's CEO.  Defendants deny the remaining allegations in Paragraph 13 of the Complaint.

14.   Defendants admit that, according to M7D's publicly filed bankruptcy petition, M7D listed over $3 million in assets and over $44.7 million in liabilities at the time of its bankruptcy.  Defendants deny the remaining allegations in Paragraph 14 of the Complaint, including those allegations regarding the terms of the Collaboration Agreement to the extent they are inconsistent with the document.

15.   Defendants deny the allegations in Paragraph 15 of the Complaint.

16.   Defendants deny the allegations in Paragraph 16 of the Complaint.

### II.   Under Huron Capital and Grunza's control, WD Labs contracted with Dakota Labs to manufacture and polish lab-grown diamonds.

17.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and on that basis deny them.

18.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and on that basis deny them.

19.   Defendants lack sufficient knowledge or information to form a belief

as to the truth of the allegations in Paragraph 19 of the Complaint and on that basis deny them.

20.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and on that basis deny them.

21.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and on that basis deny them.

22.    Defendants admit that the Collaboration Agreement between M7D and Plaintiff, attached to the Complaint as Exhibit A, is dated September 1, 2022.  The document speaks for itself.  Defendants deny allegations regarding the terms of the Collaboration Agreement in Paragraph 22 of the Complaint to the extent they are inconsistent with the document.

23.    The Collaboration Agreement between M7D and Plaintiff, attached to the Complaint as Exhibit A, speaks for itself.  Defendants deny allegations regarding the terms of the Collaboration Agreement in Paragraph 23 of the Complaint to the extent they are inconsistent with the document.  Answering further, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 regarding "Schedule 'A'" of the Collaboration Agreement, as "Schedule 'A'" is not attached to the Complaint, and on that basis deny them.

24.     The Collaboration Agreement between M7D and Plaintiff, attached to the Complaint as Exhibit A, speaks for itself.  Defendants deny allegations regarding the terms of the Collaboration Agreement in Paragraph 24 of the Complaint to the extent they are inconsistent with the document.

25.     The Collaboration Agreement between M7D and Plaintiff, attached to the Complaint as Exhibit A, speaks for itself.  Defendants deny allegations regarding the terms of the Collaboration Agreement in Paragraph 25 of the Complaint to the extent they are inconsistent with the document.  Answering further, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 regarding "Schedule 'A'" of the Collaboration Agreement, as "Schedule 'A'" is not attached to the Complaint, and on that basis deny them.

26.     The Collaboration Agreement between M7D and Plaintiff, attached to the Complaint as Exhibit A, speaks for itself.  Defendants deny allegations regarding the terms of the Collaboration Agreement in Paragraph 26 of the Complaint to the extent they are inconsistent with the document.

27.     The Collaboration Agreement between M7D and Plaintiff, attached to the Complaint as Exhibit A, speaks for itself.  Defendants deny allegations regarding the terms of the Collaboration Agreement in Paragraph 27 of the Complaint to the extent they are inconsistent with the document.

28.     The Collaboration Agreement between M7D and Plaintiff, attached to

the Complaint as Exhibit A, speaks for itself.  Defendants deny allegations regarding the terms of the Collaboration Agreement in Paragraph 28 of the Complaint to the extent they are inconsistent with the document.

29.    The Collaboration Agreement between M7D and Plaintiff, attached to the Complaint as Exhibit A, speaks for itself.  Defendants deny allegations regarding the terms of the Collaboration Agreement in Paragraph 29 of the Complaint to the extent they are inconsistent with the document.

30.    The Collaboration Agreement between M7D and Plaintiff, attached to the Complaint as Exhibit A, speaks for itself.  Defendants deny allegations regarding the terms of the Collaboration Agreement in Paragraph 30 of the Complaint to the extent they are inconsistent with the document.

31.    The Collaboration Agreement between M7D and Plaintiff, attached to the Complaint as Exhibit A, speaks for itself.  Defendants deny allegations regarding the terms of the Collaboration Agreement in Paragraph 31 of the Complaint to the extent they are inconsistent with the document.

32.    The Collaboration Agreement between M7D and Plaintiff, attached to the Complaint as Exhibit A, speaks for itself.  Defendants deny allegations regarding the terms of the Collaboration Agreement in Paragraph 32 of the Complaint to the extent they are inconsistent with the document.

33.    Defendants deny the allegations in Paragraph 33 of the Complaint.

## III.    Dakota Labs completed the Toronto Facility in accordance with the Collaboration Agreement.

34.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and on that basis deny them.

35.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and on that basis deny them.

## IV.    Dakota Labs also upgraded the Vietnam Facility in reliance on WD Labs' promises.

36.    The Collaboration Agreement between M7D and Plaintiff, attached to the Complaint as Exhibit A, speaks for itself.  Defendants deny allegations regarding the terms of the Collaboration Agreement in Paragraph 36 of the Complaint to the extent they are inconsistent with the document.

37.    Defendants deny the allegations in Paragraph 37 of the Complaint.

38.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and on that basis deny them.

39.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and on that basis deny them.

40.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and on that basis deny them.

**V.     WD Labs did not pay Dakota Labs for of [sic] its capital expenditures or the invoices issued under the contract.**

41.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and on that basis deny them.

42.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and on that basis deny them.  Answering further, the Collaboration Agreement between M7D and Plaintiff, attached to the Complaint as Exhibit A, speaks for itself.  Defendants deny allegations regarding the terms of the Collaboration Agreement in Paragraph 42 of the Complaint to the extent they are inconsistent with the document.

43.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and on that basis deny them.  Answering further, the Collaboration Agreement between M7D and Plaintiff, attached to the Complaint as Exhibit A, speaks for itself.  Defendants deny allegations regarding the terms of the Collaboration Agreement in Paragraph 43 of the Complaint to the extent they are inconsistent with the document.

44.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and on that basis deny them.

45.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and on that basis deny them.

46.     Paragraph 46 contains legal conclusions to which no response is required.   To the extent a further response is required, Defendants deny the allegations in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations in Paragraph 47 of the Complaint.

48.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint and on that basis deny them.

49.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and on that basis deny them.

50.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint and on that basis deny them.

51.     Defendants deny the allegations in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations in Paragraph 52 of the Complaint.

53.     Paragraph 53 contains legal conclusions to which no response is required.   To the extent a further response is required, Defendants deny the allegations in Paragraph 53 of the Complaint.

**VI.     Huron Capital caused WD Labs to declare bankruptcy to funnel its assets into an almost identical venture without having to compensate Dakota Labs.**

54.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint and on that basis deny them.

55.     Defendants deny the allegations in Paragraph 55 of the Complaint.

56.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint and on that basis deny them.   Answering further, the Collaboration Agreement between M7D and Plaintiff, attached to the Complaint as Exhibit A, speaks for itself.   Defendants deny allegations regarding the terms of the Collaboration Agreement in Paragraph 56 of the Complaint to the extent they are inconsistent with the document.

57.     Defendants deny the allegations in Paragraph 57 of the Complaint.

58.     Defendants admit that on October 10, 2023, M7D's Board of Directors approved a resolution to file a Chapter 7 bankruptcy petition by WD Diamonds Holdings, Inc., WD Diamonds Intermediate Holdings, Inc., and M7D, which

resolution is attached to M7D's publicly filed bankruptcy petition.  Defendants deny the remaining allegations in Paragraph 58 of the Complaint.

59.     The news release embedded via hyperlink in Paragraph 59 of the Complaint speaks for itself.  Defendants deny Plaintiff's characterization of the news release in Paragraph 59 to the extent it is inconsistent with the news release.

60.     Defendants deny the allegations in Paragraph 60 of the Complaint.[1]

61.     Defendants deny the allegations in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations in Paragraph 63 of the Complaint.

### COUNT I

*Alter Ego Liability for Breach of Contract*
*(Against Huron Capital)*

64.     Defendants incorporate by reference their responses to the foregoing paragraphs.

65.     Defendants deny the allegations in Paragraph 65 of the Complaint.

66.     Paragraph 66 contains a legal conclusion to which no response is required.  To the extent a further response is required, the Collaboration Agreement between M7D and Plaintiff, attached to the Complaint as Exhibit A, speaks for itself.

---

[1]     The hyperlink contained in Paragraph 60 of the Complaint leads to an error page when using a web browser.  Defendants thus lack sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations regarding the website referenced in Paragraph 60.

Defendants deny the allegations in Paragraph 66 of the Complaint to the extent they are inconsistent with the document.

67.     The Collaboration Agreement between M7D and Plaintiff, attached to the Complaint as Exhibit A, speaks for itself.  Defendants deny allegations regarding the terms of the Collaboration Agreement in Paragraph 67 of the Complaint to the extent they are inconsistent with the document.

68.     Paragraph 68 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations in Paragraph 69 of the Complaint.

70.     Paragraph 70 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations in Paragraph 71 of the Complaint.

72.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint and on that basis deny them.

73.     Paragraph 73 contains legal conclusions to which no response is required. To the extent a further response is required, Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.     Paragraph 74 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75.     Paragraph 75 contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations in Paragraph 76 of the Complaint.

77.     Defendants deny the allegations in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations in Paragraph 79 of the Complaint.

80.     Defendants deny the allegations in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations in Paragraph 81 of the Complaint.

## COUNT II

### *Alter Ego Liability for Fraud in the Inducement*
### *(Against Huron Capital)*

82.     Defendants incorporate by reference their responses to the foregoing paragraphs.

83.     Defendants deny the allegations in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations in Paragraph 84 of the Complaint.  In addition, no response is required to the allegations in subsections (b) through (e) of Paragraph 84 of the Complaint because the Court has determined and ordered that

these allegations "are not actionable as fraud in the inducement under Michigan law." (ECF No. 29, PageID.343.)

85.     Defendants deny the allegations in Paragraph 85 of the Complaint.  In addition, no response is required as to the alleged representations described in subsections (b) through (e) of Paragraph 84 of the Complaint because the Court has determined and ordered that these allegations "are not actionable as fraud in the inducement under Michigan law." (ECF No. 29, PageID.343.)

86.     Defendants deny the allegations in Paragraph 86 of the Complaint.  In addition, no response is required as to the alleged representations described in subsections (b) through (e) of Paragraph 84 of the Complaint because the Court has determined and ordered that these allegations "are not actionable as fraud in the inducement under Michigan law." (ECF No. 29, PageID.343.)  Further, no response is required as to Plaintiff's allegations that it acted in reliance on WD Labs' alleged representations by signing the Collaboration Agreement or processing diamonds delivered to it because the Court has determined and ordered that Plaintiff may not "proceed on the theory that the 'detrimental reliance' by Dakota Labs was merely the signing and performance of the contract." (*Id.* at PageID.343-344, 347.)

87.     Defendants deny the allegations in Paragraph 87 of the Complaint.  In addition, no response is required as to the alleged representations described in subsections (b) through (e) of Paragraph 84 of the Complaint because the Court has

determined and ordered that these allegations "are not actionable as fraud in the inducement under Michigan law." (ECF No. 29, PageID.343.)  Further, no response is required as to Plaintiff's allegations that it acted in reliance on WD Labs' alleged representations by signing the Collaboration Agreement or processing diamonds delivered to it because the Court has determined and ordered that Plaintiff may not "proceed on the theory that the 'detrimental reliance' by Dakota Labs was merely the signing and performance of the contract." (*Id.* at PageID.343-344, 347.)

88.    Defendants deny the allegations in Paragraph 88 of the Complaint.

89.    Defendants deny the allegations in Paragraph 89 of the Complaint.  In addition, no response is required as to the alleged representations described in subsections (b) through (e) of Paragraph 84 of the Complaint because the Court has determined and ordered that these allegations "are not actionable as fraud in the inducement under Michigan law." (ECF No. 29, PageID.343.)

90.    Defendants deny the allegations in Paragraph 90 of the Complaint.

## COUNT III

### *Fraud in the Inducement*
### *(Against Grunza)*

91.    Defendants incorporate by reference their responses to the foregoing paragraphs.

92.    Defendants deny the allegations in Paragraph 92 of the Complaint.  In addition, no response is required to the allegations in subsections (b) through (e) of

Paragraph 92 of the Complaint because the Court has determined and ordered that these allegations "are not actionable as fraud in the inducement under Michigan law." (ECF No. 29, PageID.343, 345.)

93.     Defendants deny the allegations in Paragraph 93 of the Complaint.  In addition, no response is required to the allegations in subsections (b) through (e) of Paragraph 92 of the Complaint because the Court has determined and ordered that these allegations "are not actionable as fraud in the inducement under Michigan law." (ECF No. 29, PageID.343, 345.)

94.     Defendants deny the allegations in Paragraph 94 of the Complaint.  In addition, no response is required to the allegations in Paragraph 94 of the Complaint because the Court has determined and ordered that "Dakota Labs may not proceed with its claims to the extent that it seeks to hold Grunza liable for fraud in the inducement for directing WD Labs, his own company, to sign the contract." (ECF No. 29, PageID.347.)

95.     Defendants deny the allegations in Paragraph 95 of the Complaint.

96.     Defendants deny the allegations in Paragraph 96 of the Complaint.

97.     Defendants deny the allegations in Paragraph 97 of the Complaint.

98.     Defendants deny the allegations in Paragraph 98 of the Complaint.  In addition, no response is required to the allegations in subsections (b) through (e) of Paragraph 92 of the Complaint because the Court has determined and ordered that

these allegations "are not actionable as fraud in the inducement under Michigan law." (ECF No. 29, PageID.343, 345.) Further, no response is required as to Plaintiff's allegations that it reasonably relied on Mr. Grunza's alleged representations by signing the Collaboration Agreement, processing diamonds delivered to it, or refraining from seeking immediate relief from WD Labs because the Court has determined and ordered that Plaintiff "may proceed on only those fraud claims that are not duplicative of the terms and performance of the contract between Dakota Labs and WD Labs." (ECF No. 29, PageID.347.)

99. Defendants deny the allegations in Paragraph 99 of the Complaint. In addition, no response is required to the allegations in subsections (b) through (e) of Paragraph 92 of the Complaint because the Court has determined and ordered that these allegations "are not actionable as fraud in the inducement under Michigan law." (ECF No. 29, PageID.343, 345.) Further, no response is required as to Plaintiff's allegations that it reasonably relied on Mr. Grunza's alleged representations by signing the Collaboration Agreement, processing diamonds delivered to it, or refraining from seeking immediate relief from WD Labs because the Court has determined and ordered that Plaintiff "may proceed on only those fraud claims that are not duplicative of the terms and performance of the contract between Dakota Labs and WD Labs." (ECF No. 29, PageID.347.)

100. Defendants deny the allegations in Paragraph 100 of the Complaint.

Defendants deny the allegations in Plaintiff's Prayer for Relief and further deny that Plaintiff is entitled to any relief against Defendants.

## AFFIRMATIVE DEFENSES

1.    Plaintiff has failed, in whole or in part, to state a claim upon which relief may be granted.

2.    Plaintiff's claims are barred, in whole or in part, because Plaintiff's alter ego claims belong to M7D's bankruptcy trustee.

3.    Plaintiff's claims are barred, in whole or in part, because WD Labs is not an alter ego of Huron LLC.

4.    Defendants owe no duty, contractual or otherwise, in law or equity, to Plaintiff, and Defendants breached no such duty.

5.    Plaintiff's claims are barred, in whole or in part, by the failure of one or more conditions precedent.

6.    Plaintiff's claims are barred, in whole or in part, by Plaintiffs' own material breaches of the Collaboration Agreement.

7.    Plaintiff's claims are barred, in whole or in part, by the arbitration provision in the Collaboration Agreement.

8.    Plaintiff has failed, in whole or in part, to allege fraud with particularity.

9.    Plaintiff's claims are barred, in whole or in part, because it has not alleged actionable misrepresentations or omissions to support fraud claims against

Defendants.

10.   Plaintiff's claims are barred, in whole or in part, because it did not act in reasonable reliance on any alleged misrepresentations or omissions by Defendants.

11.   Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

12.   Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

13.   Plaintiff's claims are barred, in whole or in part, by waiver, estoppel, accord and satisfaction, unclean hands, or laches.

14.   Plaintiff has not incurred or suffered any loss, damage, or injury for which it is entitled to recover from Defendants.

15.   Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate its alleged damages.

16.   Plaintiff's claims are barred, in whole or in part, because any alleged loss, damage, or injury was not proximately caused by Defendants.

17.   Plaintiff's claims are barred, in whole or in part, because its alleged damages, if any, were caused by Plaintiff's own acts or omissions.

18.   Plaintiff's claims are barred, in whole or in part, because any alleged loss, damage, or injury were solely, proximately, and directly caused by the acts or statements of non-parties to this case.

19.     Plaintiff's claims are barred, in whole or in part, by payment, release, satisfaction, or discharge.

20.     Plaintiff's allegations are contrary to the contents of the documents on which it purports to base its claims.

21.     Plaintiff is not entitled to recover its attorneys' fees or costs from Defendants.

22.     Plaintiff is not entitled to recover exemplary or punitive damages.

23.     Plaintiff is not entitled to recover pre- or post-judgment interest.

24.     Plaintiff's claims are barred, in whole or in part, because Defendants have not acted improperly or wrongfully.

25.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to join necessary parties to this case.

26.     Defendants hereby give notice that, due to their incomplete knowledge as to the matters set forth in the Complaint, they are unable to determine whether they have additional defenses not expressly enumerated in the preceding paragraphs or elsewhere in this Answer.  Defendants thus reserve their right to amend the Answer, the assert additional defenses, and to rely upon those additional defenses to the extent they become available or apparent during discovery or further proceedings in this action.

**WHEREFORE,** Defendants respectfully request that this Court dismiss Plaintiff's Complaint with prejudice, enter a judgment of no cause of action in favor of Defendants and against Plaintiff, award Defendants all costs, expenses, and reasonable attorneys' fees incurred in defending against the Complaint, and grant Defendants such other relief as is just and appropriate.

Dated: April 7, 2025

Respectfully submitted,

By:  /s/ *Nick Gorga*
    Nick Gorga (P72297)
    Shannon C. Duggan (P83211)
    Jalen R. Farmer (P86859)
HONIGMAN LLP
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226
(313) 465-7640
ngorga@honigman.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 7, 2025, I electronically filed the foregoing papers with the Clerk of the Court using the court's electronic filing system, which will send notification of such filing to all counsel of record.

/s/ *Nick Gorga*
Nick Gorga (P72297)

Dated:  April 7, 2025