# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| Dakota Labs Inc., <br><br> Plaintiff, <br><br> v. <br><br> Huron Capital Partners LLC and Michael Grunza III, <br><br> Defendants. | Case No. 2:24-cv-10922 <br><br> Hon. Susan K. DeClercq |

## STIPULATED ORDER REGARDING THE DISCLOSURE OF PRIVILEGED INFORMATION

Pursuant to Rule 502(d) of the Federal Rules of Evidence, Plaintiff Dakota Labs Inc. and Defendants Huron Capital Partners LLC and Michael Grunza III, by and through their respective counsel, have jointly stipulated to the terms of this Stipulated Order Governing the Disclosure of Privileged Information, and with the Court being fully advised as to the same, **IT IS HEREBY ORDERED**:

I. **APPLICABILITY**

1.  This Order shall be applicable to and govern all deposition transcripts and/or videotapes, files, images, documents, and software produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations and all other information or material

produced, made available for inspection, or otherwise submitted by any of the parties in this litigation pursuant to the Federal Rules, as well as testimony adduced at trial or during any hearing (collectively, "Information").

## II.   PRODUCTION OF DISCOVERY MATERIALS CONTAINING POTENTIALLY PRIVILEGED INFORMATION

2. This Order is intended to and shall provide the maximum protection available under Federal Rule of Evidence 502(d), both in this litigation and in any subsequent litigation or in any other state or federal proceeding.

3. The production of any privileged or otherwise protected Information, whether inadvertent or otherwise, shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, or any other applicable privilege or protection, as to the produced Information and any related material or the subject matter thereof.

4. The producing party must notify the receiving party promptly, in writing, upon discovery that privileged or protected Information has been produced. Subject to Paragraph 5 herein, upon receiving written notice from the producing party that privileged or protected Information has been produced, all such Information, and all copies thereof, shall be destroyed by the receiving party or returned to the producing party within fifteen (15) business days of receipt of such notice, and the receiving party shall not use such information for any purpose.

5. Nothing in this Order limits the right of the receiving party to contest in good faith a privilege or work product designation by the producing party. In that instance, the receiving party shall, within fifteen (15) business days from the initial notice of production by the producing party, seek an order from the Court compelling production of the disputed Information. If no such order is sought, upon expiration of the fifteen (15) business day period, then all copies of the disputed Information shall be destroyed or returned in accordance with Paragraph 4. The receiving party may not challenge a privilege or work product designation by arguing that the disclosure itself is a waiver of any applicable privilege or protection.

6. In the event the receiving party detects privileged or protected material in any Information produced in this litigation, the receiving party shall promptly and without undue delay notify the producing party of the disclosure and shall either destroy or return all copies of the Information in its possession or control in accordance with Paragraph 4. Notification pursuant to this Paragraph will not waive the receiving party's ability to challenge the assertion of privilege or protection pursuant to Paragraph 5.

7. The parties may stipulate to extend the time periods specified in Paragraphs 4 and 5 herein.

8. This Order does not preclude a party from voluntarily waiving any claim of privilege or other applicable protection. The provisions of Federal Rule of

Evidence 502(a) apply when a party uses privileged information to support a claim or defense.

**IT IS SO ORDERED.**

Dated: June 16, 2025, 2025         <u>/s/Susan K. DeClercq</u>
                                   HON. SUSAN K. DeCLERCQ
                                   District Court Judge

**SO STIPULATED:**

**WINSTON & STRAWN LLP**

Date: June 12, 2025

By: /s/ *Ronald Y. Rothstein*
Ronald Y. Rothstein
rrothste@winston.com
Kent Z. Steinberg
ksteinberg@winston.com
John R. McNair (P86720)
jmcnair@winston.com
35 West Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

*Attorneys for Plaintiff Dakota Labs, Inc.*

**HONIGMAN LLP**

By: */s/ Nick Gorga*
Nick Gorga (P72297)
Shannon C. Duggan (P83211)
Jalen R. Farmer (P86859)
600 Woodward Avenue
Detroit, MI 48226
Tel: (313) 465-7640
ngorga@honigman.com

*Attorneys for Defendants*