**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| Dakota Labs Inc., <br><br> Plaintiff, <br><br> v. <br><br> Huron Capital Partners, LLC and Michael Grunza III, <br><br> Defendants. | Case No. 2:24-cv-10922 <br><br> Hon. Susan K. DeClercq <br> United States District Judge |

**JOINT STATUS REPORT AND PROPOSED ORDER**

Dakota Labs Inc. ("Plaintiff") and Defendants Huron Capital Partners, LLC and Michael Grunza III ("Defendants") (together, the "Parties"), pursuant to the Court's order at the January 14, 2026 Status Conference (the "Status Conference"), hereby file this status report to update the Court on the discovery issues raised in that Status Conference and to inform the Court of an existing dispute as to the substance of the Court's instructions at the Status Conference.

1. In December 2025, pursuant to the parties' mediation of this litigation, Defendants contended that Defendant Huron Capital Partners, LLC could not be found liable for the actions of WD Labs under an alter ego theory because Huron Capital Partners, LLC never held any ownership interest in WD Labs. Defendants subsequently identified two other entities, The Huron Fund V Executives L.P. and

The Huron Fund V L.P. as the entities that had invested in WD Labs. In response, on January 8, 2026, Plaintiff filed a Motion Seeking Leave to Amend to add The Huron Fund V Executives L.P. and The Huron Fund V L.P. (the "Huron Funds") as defendants.

2.     On January 12, 2026, during a second mediation session that had been scheduled in December, Defendants advised Plaintiff that adding the Huron Funds would create a subject matter jurisdiction issue because one or both of the funds have one or more foreign limited partners.

3.     On January 14, 2026, the parties participated in the Status Conference. The Court paused merits discovery. As addressed in detail below, the parties disagree on aspects of the Court's instructions.

4.     On January 18, 2026, Plaintiff served its Second Request for Production of Documents and Interrogatories and a Rule 30(b)(6) deposition notice on Defendants.

5.     On January 20, 2026, Plaintiff filed its notice of withdrawal of its motion for leave to file an amended complaint naming the Huron Funds as defendants.

6.     On January 21, 2026, Plaintiff emailed Defendants a Draft Joint Status Report and Proposed Order. On January 23, 2026, Defendants emailed Plaintiff a new version of the Draft Joint Status Report and Proposed Order with their edits as well as a redlined version. Plaintiff and Defendants agreed to a meet and confer later that day. Because Plaintiff and Defendants expressed fundamental disagreements as to

2

the substance of the Court's instructions at the Status Conference, the parties agreed to request a slight extension to the deadline set by the Court at that same conference of January 23, 2026. The parties' respective positions are set forth below:

**Plaintiff's Position:**

7.     The issue regarding adding the Huron Funds was raised to the Court at the January 14, 2026 Status Conference. The Court paused merits discovery and ordered discovery into (1) whether the Huron Funds or the Huron Funds' General Partner, Huron Capital Flag GP V LLC, are required parties under Rule 19 of the Federal Rules of Civil Procedure (the "Rule 19" issue); and (2) whether, based on the outcome of the Rule 19 analysis, the citizenship of the Huron Funds would destroy this Court's subject matter jurisdiction (the "citizenship" issue). The Court stated its intention to resolve the Rule 19 and citizenship issues now before proceeding with additional merits discovery and Plaintiff agreed.

8.     The phrase "Rule 19" was not expressly said at the Status Conference, but the clear implication of the Court's orders was that a Rule 19 inquiry had to be performed. In fact, this is exactly the circumstance Rule 19 is expressly intended to address: "(1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties. … (b) When Joinder Is Not Feasible. If a person who is

3

required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include: … (3) whether a judgment rendered in the person's absence would be adequate[.]"

9.      At the Status Conference, the Court discussed the importance of determining whether the Huron Funds were "necessary parties" to this action prior to proceeding with the remaining merits discovery. The Court indicated that this issue had to be resolved, and left it to Plaintiff whether it would withdraw its motion seeking leave to amend or to leave it on the docket. Plaintiff chose to withdraw the motion. It is indisputable that Defendants injected a Rule 19 issue into this case—that **must** be addressed when raised under Sixth Circuit precedent—rather than merely a citizenship issue, as a pause on merits discovery would not be necessary to determine whether Plaintiff's **permissive** amendment (now withdrawn) would destroy subject matter jurisdiction.

10.     Sixth Circuit law is clear that, now that the Rule 19 issue has been raised, an inquiry into the necessary Rule 19 factors must be performed. A "district court **must** analyze whether [the absent party's] joinder is proper under the three steps of Rule 19" whenever that issue is raised. *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 666, 676 (6th Cir. 2004) (emphasis added) (raising joinder *sua sponte* and remanding after finding that "the district court must analyze whether [the absent party's] joinder is

4

proper under the three steps of Rule 19," including (1) whether the party was necessary, (2) whether "joinder *cannot* be effected", and whether it was proper to "proceed in the case without the absentee"); *Mokdad v. Lynch*, 804 F.3d 807, 812 (6th Cir. 2015) ("[F]ailure to join a required party is an issue . . . the court may raise *sua sponte*."). Now that it has been raised, Sixth Circuit law is clear that the Rule 19 issue must be resolved.

11.     Moreover, it is black letter law that "[t]he burden is on the party raising the defense to show that the absentee is required to be joined under Rule 19." Wright & Miller, § 1609 Raising the Defense of Failure to Join a Required Party, 7 Fed. Prac. & Proc. Civ. § 1609 (3d ed.). Defendants have the burden of proof here because they raised the defense that Plaintiff "fail[ed] to join necessary parties to this case" in their Answer, Dkt. 30 PageID.369, indicated in its Motion to Dismiss that Huron Capital was the wrong entity because it "never held equity" in WD Labs (Dkt. 16 PageID.92 n.8) and then asserted that the Huron Funds were the parties that owned equity in WD Labs. It is implausible to read these statements as anything other than Huron Capital asserting that the Huron Funds are the proper parties. And the argument that there is no proper defendant to this suit is untenable. Although Defendants now assert they did not raise an "indispensable" party issue, that issue is now firmly before the Court because they asserted: (1) a necessary party defense (seemingly, based on the Huron Funds) and (2) that adding the Huron Funds would affect this Court's subject

5

matter jurisdiction. These clearly implicate Rule 19 and, if Defendants are correct that subject matter jurisdiction would be affected, would require a determination under Rule 19 of whether the Huron Funds are indispensable. *See Glancy*, 373 F.3d at 666.

12.     Furthermore, despite Defendants' selective focus on "joint and several liability," a party can constitute a necessary party under Rule 19 under a variety of circumstances. Particularly in cases of "corporate litigation," this "must be determined in terms of the facts and circumstances of the specific case." Wright & Miller § 1615 Application of Rule 19 in Particular Actions and Proceedings—Corporations and Shareholders, 7 Fed. Prac. & Proc. Civ. § 1615 (3d ed.) (noting cases that had examined factors to determine whether corporation was necessary, such as whether the "conduct . . . was solely that of the corporation's wholly owned subsidiary," the extent to which the corporations "shared common officers," and whether the corporation "was a primary actor in the events giving rise to the litigation" (citations omitted)). Defendants' reference to "joint and several liability" is a red herring. It assumes that Plaintiff is asserting that the Huron Funds are necessary based on joint and severable liability. Instead, Plaintiff is asserting that Defendants' decision to raise a necessary party defense, and identification of the Huron Funds as the true equity owners, now requires a highly factual inquiry to determine if the Huron Funds are required parties, i.e., can the court accord complete

relief among existing parties and will a judgment rendered in the absence of the Huron Funds be adequate.

13.     At the Status Conference, the Court also ordered Huron Capital to provide a full, unredacted list of limited partners of the two funds, but specified that said production could be marked attorney-eyes only, produced for the limited purpose of assessing the Rule 19 and citizenship issues, or provided under other such means as allowed under the Protective Order.

14.     On January 18, 2026, Plaintiff served its Second Request for Production of Documents and Interrogatories and a Rule 30(b)(6) deposition notice aimed at the Rule 19 and citizenship issues. Pursuant to these requests, the documents and interrogatories are due on February 17, 2026. Plaintiff has requested that the 30(b)(6) deposition take place no later than 3 weeks after responses to these requests are complete. These requests are narrowly tailored to address many of the same issues the Sixth Circuit expressly considered in *Glancy*, 373 F.3d at 673–76 (considering fact-dependent factors when examining Rule 19 such as overlap in management, ownership, unity of control, and the intensity of interests at play). If Defendants have objections to the written discovery, then they can issue them according to the Federal Rules of Civil Procedure. Fed. R. Civ. P. 33(b), 34(b)(2).

15.     In order to resolve the Rule 19 and citizenship issues, Plaintiff requests that the Court order (1) within 14 days after the completion of the 30(b)(6) deposition of

Huron Capital Partners, LLC, Defendants to file a motion explaining whether The Huron Fund V Executives L.P. and The Huron Fund V L.P are necessary and/or indispensable parties and to demonstrate how their inclusion would affect this Court's subject matter jurisdiction, and (2) within 21 days of Defendants filing their motion, Plaintiff respond to the motion.

16.     The dates reflected in Dkt. 41 PageID.442 and this Court's corresponding text order extending discovery until April 23, 2026, shall be extended by the period between (a) the date of this Court's status conference on January 14, 2026, and (b) the date of the Court's issuance of an either order resolving the Rule 19 and citizenship issues or any other order by the Court allowing the Parties to conduct further merits discovery.

**Defendants' Position**

17.     This status report was intended to be a simple update to the Court identifying the scope and timing for a very limited round of jurisdictional discovery to determine whether the addition of the Huron Funds would destroy subject matter jurisdiction. Defendants below set out a very simple procedure to resolve this limited issue in short order, which is what we understood the Court to desire. Because Plaintiff has now conjured from thin air—certainly not from any arguments that Defendants have made—a "Rule 19 issue", and has rejected Defendants' assurances that they have not and do not plan to make any indispensable party defense, the status report has

8

now mutated into an unnecessarily long quasi-brief to the Court.

18.    At the January 14, 2026 Status Conference, the Court paused all merits discovery—including third-party discovery—and ordered the parties to negotiate the bounds of "very limited" discovery into whether the citizenship of the Huron Funds would destroy this Court's subject matter jurisdiction (the "citizenship" issue). At no time did any party place a "Rule 19 issue" before the Court. As Plaintiff notes above, the phrase was never mentioned in the conference by either side or the Court. Contrary to Plaintiff's claims that Defendants have somehow implicitly raised a Rule 19 defense as to the Huron Funds, the Defendants expressly argued at the Status Conference that no Huron entity is a proper party to this litigation. Plaintiff has conflated issues of liability and jurisdiction with its manufactured "Rule 19" or "indispensable party" issue, which it admits is not based on any express statements by Defendants or the Court, but by "implication." To be clear, it is Plaintiff, not Defendants, who is attempting to "inject" a Rule 19 issue here: ***Defendants have never raised a Rule 19 indispensable party argument as it pertains to the Huron Funds, nor do they have any intention of doing so.*** Plaintiff knows this, which is why it is forced to limit itself to arguing that Defendants have only "seemingly" based "a necessary party defense" on the "Huron Funds."

19.    Defendants have told Plaintiff specifically that they are not taking the position that the Huron Funds are indispensable parties. Defendants have given Plaintiff an

opportunity to drop this issue and focus solely on what the Court ordered at the Status Conference—very limited discovery on the issue of whether Plaintiff deciding to add the Huron Funds would destroy diversity. The reason Plaintiff refuses to agree to drop the issue is clear. It wants a far-reaching fishing expedition into the relationship between the various Huron-related entities. Plaintiff's proposed order that "Defendants shall file a motion explaining why The Huron Fund V Executives L.P. and The Huron Fund V L.P are necessary and/or indispensable parties," attacks a straw man. Defendants have no intention of making that argument.

20.     Indeed, Defendants did not move to dismiss under FRCP 12(b)(7) on the basis of any failure to join an indispensable party.[1] And Defendants do not intend to assert the argument as this litigation proceeds through discovery and to summary judgment. Rather, Defendants' arguments leading up to the Status Conference were much more succinct: there is no legal basis to find Defendant Huron Capital Partners, LLC liable under an alter ego theory because, among other reasons, it did not invest in WD Labs, and if the Huron Funds are added as additional Defendants—as Plaintiff attempted

---

[1] Plaintiff mentions the unremarkable fact that Defendants' affirmative defenses include a boilerplate defense of failure to join necessary parties. Defendants asserted this defense, along with several others, to avoid waiving it. As Plaintiff admits in this status report, Defendants have never mentioned Rule 19 or indispensable parties in the context of the Huron Funds. Nor do they intend to do so. This affirmative defense could apply just as easily to, for instance, the HRA Group of Companies, an affiliate of Plaintiff. For Plaintiff to say, without any support, that this defense "seemingly" refers to the Huron Funds is just wrong.

to do before withdrawing its motion to amend—subject matter jurisdiction would be destroyed. Because Defendants have not asserted, and do not intend to assert, a Rule 19 issue, they should not be forced to defend it. But that is precisely what Plaintiff asks the Court to do here: force Defendants to defend an issue that they never placed before the Court. This makes no sense and is not what the Court ordered.

21.     At bottom, Plaintiff conflates the existence of "indispensable parties" with the potential for joint and several liability. Instead of waiting to recoup its purported losses through WD Labs' bankruptcy proceeding, its counterparty in the contract underlying this litigation, Plaintiff chose to sue Defendant Huron Capital Partners, LLC under an alter ego theory; because Plaintiff may have difficulty establishing liability over that entity, it is now publicly vacillating as to whether it should add the Huron Funds as additional defendants. But "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990) (noting "it was error to label joint tortfeasors as indispensable parties under Rule 19(b)…"). *See also PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 204 (6th Cir. 2001) (noting that the mere fact that "joint tortfeasors are not parties to the same lawsuit … does not require a finding that joint tortfeasors are necessary or indispensable parties."). Defendants do not "assume" that Plaintiff is conflating issues of liability and jurisdiction with an "indispensable party" argument. Nor is this, as Plaintiff claims, a "red herring." It is

11

precisely what Plaintiff has done here. Defendants' explanation that Plaintiff will face an uphill liability battle because of its chosen Defendant does not constitute an argument by Defendants that any other entities are "indispensable parties." Defendants' position has been consistent throughout this litigation. Defendants do not believe that either the Huron Funds or Huron Capital Partners, LLC, are the alter ego of WD Labs or otherwise have any liability to Plaintiff. Defendants do not think anyone should be sued here and certainly are not advocating that Plaintiff **must** add additional Huron-related Defendants.

22.     Though they have already done so, Defendants are willing to provide more information to Plaintiff so that it may understand the relationship among the various Huron entities as it pertains to the ownership of WD Labs. If Plaintiff feels it needs to add the Funds based on that information, ***that is Plaintiff's choice***, and Plaintiff should be the one to move the Court for permission to do so. But in no event should the Court permit Plaintiff to use its manufactured Rule 19 issue to conduct the freewheeling fishing expedition Plaintiff's most recent discovery requests and 30(b)(6) subpoena—all far from "narrowly tailored" and not at all the "very limited" jurisdictional discovery ordered by the Court—seek to impose on Defendants. These requests and subpoena were also unilaterally prepared and served on Defendants' after and notwithstanding the Court's pause on discovery.

23.     Defendants object specifically to Plaintiff's request—not raised in the Status

Conference—to conduct a 30(b)(6) deposition of Huron Capital Partners, LLC. There is absolutely no basis for such an imposition. It would be unfairly burdensome and costly and would provide no benefit beyond what is disclosed in the written discovery. This request would be nothing more than a fishing expedition into merits issues beyond the narrow discovery permitted by the Court on whether the Funds' inclusion would destroy diversity jurisdiction. And, of course, Plaintiff will have an opportunity to depose Huron Capital Partners, LLC on the merits in the due course of discovery. Discovery here should be limited to written discovery.

24.    Furthermore, at the Status Conference, the Court did not order Defendants to produce any specific materials; rather, specific materials were discussed in the context of identifying the "very limited" jurisdictional discovery envisioned by the Court. In sum, the Court ordered the parties to identify the essential "very limited" jurisdictional discovery necessary, and to identify the amount of time required to carry out that discovery in a Joint Status Report to the Court. In addition, the Court acknowledged the highly sensitive nature of specific documents sought by Plaintiff and instructed the parties to consider additional protective steps to be taken, including safeguards not expressly contemplated by the operative Protective Order, such as producing documents for the limited purpose of assessing jurisdiction and limiting the production to specifically identified attorneys or individuals so that any individual who improperly leaked the materials could be promptly identified.

13

25.   Plaintiff's self-serving "recollections" of Defendants' arguments and the Court's instructions serve only to try to excuse Plaintiff's efforts to expand the scope of discovery far in excess of the "very limited" jurisdictional discovery ordered by the Court at the Status Conference—aptly demonstrated by Plaintiff's unilateral drafting of and service to Defendants of new document requests, interrogatories, and a subpoena for a 30(b)(6) deposition of Defendant Huron Capital LLC during the Court's pause on discovery. Conveniently for Plaintiff, its argument also places a burden of proof on Defendants to support an argument that they have not made and do not plan to make in the future.

26.   Defendants ask the Court to deny Plaintiff's requests in above and in its proposed order and request that the parties adhere to the plan ordered by the Court at the Status Conference as reflected in Defendants' Proposed Order. Following conclusion of limited written jurisdictional discovery, if Plaintiff determines it wants to add the Huron Funds as Defendants, it will promptly file a motion requesting leave to amend its complaint to do so. Briefing will proceed on the timeline contemplated by this Court's local rules. If Plaintiff determines not to add any further Defendants, it will promptly notify the Court of its decision. Any discovery other than as described above remains stayed until ordered otherwise by the Court.

27.   Accordingly, Defendants propose that the dates reflected in Dkt. 41 PageID.442 and this Court's corresponding text order extending discovery until

14

April 23, 2026, shall be adjourned until the Court determines whether it has jurisdiction to proceed. At such time, the parties will present the Court with a proposed amended schedule.

Dated: Jan. 27, 2026

Respectfully submitted,

*/s/ Ronald Y. Rothstein*

Ronald Y. Rothstein
Kent Z. Steinberg
Winston & Strawn LLP
300 N. LaSalle Dr.
Chicago, IL 60654-3406
rrothste@winston.com
ksteinberg@winston.com
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

*Attorneys for Plaintiff*

Dated: Jan. 27, 2026

Respectfully submitted,
*/s/ Nick Gorga (*as authorized)
Nick Gorga (P72297)
Jalen R. Farmer (P86859)
Shannon C. Duggan (P83211)
Honigman LLP
660 Woodward Avenue
Detroit, MI 48226
Telephone: (313) 465-7640
ngorga@honigman.com

Nathan Richardson
Honigman LLP
1440 New York Avenue NE
Suite 200

Washington, D.C. 20005-2111
Telephone: (202) 844-3373
nirchardson@honigman.com

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| Dakota Labs Inc., <br><br>         Plaintiff, <br><br> v. <br><br> Huron Capital Partners, LLC and Michael Grunza III, <br><br>         Defendants. | Case No. 2:24-cv-10922 <br><br> Hon. Susan K. DeClercq <br> United States District Judge |

**[PLAINTIFF'S PROPOSED] ORDER REGARDING STAY OF DISCOVERY AND LIMITED DISCOVERY INTO RULE 19 JOINDER ISSUES**

Having considered Dakota Labs Inc.'s ("Plaintiff") and Huron Capital Partners, LLC and Michael Grunza III's ("Defendants") (collectively, the "Parties"), Joint Status Report, the Court **ORDERS** as follows:

1.     The Parties shall proceed with discovery into (1) whether the Huron Funds or the Huron Funds' General Partner, Huron Capital Flag GP V LLC, are necessary and/or indispensable parties under Rule 19 of the Federal Rules of Civil Procedure (the "Rule 19" issue); and (2) whether, based on the outcome of the Rule 19 analysis, the citizenship of the Huron Funds would destroy this Court's subject matter jurisdiction (the "citizenship" issue).

17

2. Within 14 days after the completion of the noticed 30(b)(6) deposition of Huron Capital Partners, LLC, Defendants shall file a motion explaining whether The Huron Fund V Executives L.P. and The Huron Fund V L.P are necessary and/or indispensable parties and to demonstrate how their inclusion would affect this Court's subject matter jurisdiction, and within 21 days of Defendants filing their motion, Plaintiff shall respond to the motion.

3. The dates reflected in Dkt. 41 PageID.442 and this Court's corresponding text order extending discovery until April 23, 2026, shall be extended by the period between (a) the date of this Court's status conference on January 14, 2026, and (b) the date of the Court's issuance of an either order resolving the Rule 19 issue and citizenship issue, or any other order by the Court allowing further merits discovery.

**SO ORDERED.**

Date: _____

_____
Hon. Susan K. DeClercq

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

Dakota Labs Inc.,

            Plaintiff,

     v.

Huron Capital Partners, LLC and
Michael Grunza III,

            Defendants.

Case No. 2:24-cv-10922

Hon. Susan K. DeClercq
United States District Judge

**[DEFENDANTS' PROPOSED] ORDER REGARDING STAY OF
MERITS DISCOVERY AND LIMITED DISCOVERY INTO
SUBJECT MATTER JURISDICTION ISSUES**

Having considered Dakota Labs Inc.'s ("Plaintiff") and Huron Capital

Partners, LLC and Michael Grunza III's ("Defendants") (collectively, the "Parties"),

Joint Status Report, the Court **ORDERS** as follows:

1.     The Parties shall proceed with limited written discovery into whether

        the addition of The Huron Fund V Executives L.P. and The Huron Fund

        V L.P. (the "Huron Funds") as Defendants would destroy this Court's

        subject matter jurisdiction. Plaintiff's previously served jurisdictional

        written discovery will be deemed served on the date this order is

        entered. The timing of responding to this discovery will follow the local

        and federal rules. Neither side will be permitted to conduct depositions

19

on this limited issue.

2.     Following conclusion of limited written jurisdictional discovery, if Plaintiff determines it wants to add the Huron Funds as Defendants, it will promptly file a motion requesting leave to amend its complaint to do so. Briefing will proceed on the timeline contemplated by this Court's local rules. If Plaintiff determines not to add any further defendants, it will promptly notify the Court of its decision.

3.     The dates reflected in Dkt. 41, PageID.442 and this Court's corresponding text order extending discovery until April 23, 2026, shall be adjourned until the Court determines whether it has jurisdiction to proceed. At such time, the parties will present the Court with a proposed amended schedule.

**SO ORDERED.**

Date: _____

_____
Hon. Susan K. DeClercq

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 27th day of January 2026, the foregoing document was filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: Jan. 27, 2026            Respectfully submitted,

/s/ Ronald Y. Rothstein

Ronald Y. Rothstein
Kent Z. Steinberg
Winston & Strawn LLP
300 N. LaSalle Dr.
Chicago, IL 60654-3406
rrothste@winston.com
ksteinberg@winston.com
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

*Attorneys for Plaintiff*

21